### UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA,    ) | |
|                  Plaintiff,    ) | |
|             v.    ) | CRIMINAL NO.: 1:11CR118 |
| RAYMOND BOWMAN,    ) | |
|                  Defendant.    ) | |

### **DEFENDANT'S REPLY TO GOVERNMENT'S POSITION ON RESTITUTION**

Defendant Raymond E. Bowman, through his undersigned counsel, files this reply in response to the government's Position on Restitution (docket # 23), and in anticipation of the hearing on restitution on August 9, 2011. Due to Mr. Bowman's financial status and other factors, he respectfully requests the Court impose a modest restitution order.

### ARGUMENT

In determining the manner in which a defendant makes restitution payments, the Court should consider "(A) the financial resources and other assets of the defendant, including whether any of these assets are jointly controlled; (B) projected earnings and other income of the defendant; and (C) any financial obligations of the defendant; including obligations to dependents." 18 U.S.C. § 3664(f)(2). In Mr. Bowman's case, these factors all weigh in favor of the imposition of a modest restitution schedule.

Since the government's investigation began, Mr. Bowman has lost his job and most of his assets. He has sold his home in Ocala, Florida, in part to support his family through a period of unemployment, and has paid significant legal fees and expenses which has largely depleted his family's savings. Mr. Bowman plays a substantial role in ensuring the well-being of his family

inasmuch as he supports his wife and three children, and helps support his father-in-law, who is in poor health. Since Mr. Bowman's wife has only a high school degree and has been primarily a homemaker for the past several years, Mr. Bowman's family particularly depends on his earnings for financial support. As noted in the Presentence Report, Mr. Bowman's net worth earlier this year was only $45,216.00 and some of those assets are owned jointly with his wife. Presentence Investigation Report, docket # 11 at 19. Since Mr. Bowman is currently incarcerated, he is not earning a monthly income with which to support his family. Although Mr. Bowman's wife has recently been able to secure a clerical job, she is earning less money than Mr. Bowman was at the time the Presentence Report was prepared, which may result in a negative monthly cash flow and may require the Bowman family to draw on their savings while Mr. Bowman is incarcerated.

As a result of this case and the publicity surrounding it, Mr. Bowman's reputation has been greatly tarnished and his future employment prospects diminished. When he returns home following incarceration, it is unlikely he will be able to find employment in which he will earn even $50,000 per year.[1] Any income Mr. Bowman earns must be spread across the five Bowman family members. This will leave very little with which to make monthly restitution payments.

Mr. Bowman appreciates the gravity of this matter and recognizes that restitution is an important part of a fair resolution of this case. He stands ready to pay whatever funds the court requires, to the extent he is able. Nevertheless, it is worth noting that Mr. Bowman never directly received any proceeds and played a relatively minor role in the offense, compared with many of the other defendants. As the government notes, Mr. Bowman "was aware that Plan B had been moved to the AOT facility, though he did not participate in the administration of the

---

[1] Mr. Bowman agreed to enter into a Stipulation with the Office of Thrift Supervision that prohibits him from, among other things, working in the future for certain financial institutions without the prior written consent of OTS.

2

AOT phase of the scheme." Gov'ts Position on Restitution at 5, *see id.* at 13. Furthermore, while Mr. Bowman knew about, and did not take steps to end, the sweeping scheme involving Plan B on COLB, he did not direct, participate in, or undertake any acts in furtherance of the sweeping scheme. *See* Def.'s Response to the Gov'ts Position on Sentencing, docket # 20 at 2.

With regard to the schedule for Mr. Bowman's payments, we respectfully ask that payments not begin until three months after he is released from prison so that he is able to secure employment before commencing payments. As he is currently incarcerated, Mr. Bowman is unable to earn any sort of income which might be necessary to make restitution payments. Requiring him to make payments while incarcerated would only draw on the financial resources of his family. When his payments commence, we respectfully ask that Mr. Bowman be required to pay a modest amount, fixed either as a monthly rate or as a percentage of his income. We think a modest rate would be just and fair, and would ensure that the victims receive a degree of restitution for monies lost, while at the same time preventing an undue burden from being placed on Mr. Bowman, and on his wife and children.

## CONCLUSION

For the reasons stated herein, Mr. Bowman respectfully requests that this Court enter a modest restitution order that reflects his current financial status and the obligation he has to care for his family.

                                          Respectfully submitted,

                                          /s/ Maisa Jean Frank
                                        Eric L. Yaffe (admitted pro hac vice)
                                        Maisa Jean Frank (Virginia Bar # 80373)
                                        GRAY, PLANT, MOOTY, MOOTY
                                           & BENNETT, P.A.
                                        2600 Virginia Avenue, N.W., Suite 1111
                                        Washington, D.C. 20037
                                        Telephone:    (202) 295-2200

                                                              Facsimile:    (202) 295-2250
                                                              Eric.Yaffe@gpmlaw.com
                                                              Maisa.Frank@gpmlaw.com

Dated: August 5, 2011                              *Attorneys for Raymond Bowman*

CERTIFICATE OF SERVICE

    I hereby certify that on the 5th day of August, 2011, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Charles F. Connolly
Paul J. Nathanson
U.S. Attorney's Office (Alexandria)
2100 Jamieson Avenue
Alexandria, Virginia 22314

                                            /s/ Maisa Jean Frank
                                            Maisa Jean Frank (Virginia Bar # 80373)
                                            GRAY, PLANT, MOOTY, MOOTY
                                              & BENNETT, P.A.
                                            2600 Virginia Avenue, N.W., Suite 1111
                                            Washington, D.C. 20037
                                            Telephone:    (202) 295-2200
                                            Facsimile:    (202) 295-2250
                                            Maisa.Frank@gpmlaw.com

                                            *Attorneys for Raymond Bowman*